Loring, J.,
delivered the opinion of the Court.
The facts are, that at the April term, in the year 1841, of the circuit ■court of the United States for Missouri, the petitioners, George W. Nabb, esq., and Luke Lawless, esq,, were assigned by the court as counsel for a Kickapoo Indian indicted for murder. The petitioners performed the duty to which they were assigned through a trial of three days, which resulted in the conviction of the Indian for manslaughter. And on these facts the petitioners claimed that the United States were indebted to them, on an implied contract for their fees as counsel, in the sum of five hundred dollars each, and presented their accounts to the Indian bureau of the Department of the Interior, and were refused payment; and under these circumstances the claim was brought here.
The petitioners, in support of their claim, cited article 6 of the amendments of the Constitution; the acts of 1790, c. 9, sec. 29; and of June 30, 1S34, c. 161, sec. 19; the treaty with the Kickapoos of July 30, 1819, 7 U. S. L., 200; and the act of May 28, 1830, 4 U. S. L., 411, 412.
But we think none of' the acts referred to by the petitioners sustain their claim, and that it is not maintainable on the grounds on which they rested it, or any other.
The amendment of the Constitution provides that the accused shall enjoy the right to have counsel. This is the declaration of a right in the accused, but not of any liability on the part of the United States. In furtherance of the right, the act of 1790 directs the court to assign to the accused such counsel as he shall request. But it does not authorize the court to contract with such counsel on the credit of the United States; and the action, therefore, of the court in this case furnishes no inference of any such contract.
Mr. J. S. Tyson for the claimants.
Mr. Kerr, Deputy Solicitor, for the government.
The petioners were, as they state, attorneys of the circuit court, and, as such, subject to its'jurisdiction in all its official action; and the inference from that relation and the general practice is that they were, as such attorneys, appointed by the court to perform a duty pertaining to them as such officers, and that their action was official, and not upon a contract made between them and the judges of the circuit court. If, as contended, they might have refused the appointment and did not, the result would only be that they complied with the wishes of the court, and certainly would raise no inference of a contract. We think the case furnishes none.
Judgment is to be entered for the defendants.