## STATE v. FRAZER.

Under Rev. Code Cr. Proc. §§ 424, 427, providing that the time for settling the bill of exceptions may be enlarged, and that the bill of exceptions must be filed with the clerk "at the time of or before taking the writ of error," and Laws 1907, p. 189, c. 120, providing for appeals in criminal cases, and declaring that the court may stay execution 30 days, etc., a bill of exceptions must be filed at the time of or before taking an appeal, unless the time of settling the bill has been enlarged by the trial court.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. RICE, Judge.

William K. Frazer was convicted of crime, and he appeals. Heard on motion of the state to dismiss appeal. Denied.

*R. C. Hayes, Chambers Kellar,* and *Thomas E. Harvey,* for appellant. *Robert P. Stewart, State's Atty.,* and *S. W. Clark, Atty. Gen.,* for the State.

HANEY, P. J. In this action the state moves (1) to dismiss the appeal and (2) to strike out the bill of exceptions. The first motion is based on the alleged failure of appellant to prosecute the appeal in good faith and with due diligence. It must be denied because unsupported by the facts.

The grounds of the second motion are: (1) That the bill of exceptions was not served or settled within the time prescribed by law. (2) That the bill of exceptions was not served or settled until after the appeal was taken to this court. Appellant was convicted February 27, 1908. Sentence was pronounced March 14, 1908, whereupon he gave notice of his desire to take an appeal, and the court made an order allowing 30 days from that date in

which to perfect an appeal and to settle the bill of exceptions, and committed appellant to the custody of the sheriff. Thereupon appellant's attorneys announced they would take an appeal immediately and requested the court to fix the amount of bail necessary to perfect such appeal, which was done and bail immediately furnished. On the same day notice of appeal was duly served and filed. Subsequently, and within the time allowed by the trial court, a bill of exceptions was duly settled and filed. Thus, it affirmatively appears that no bill of exceptions was filed with the clerk at the time or before taking the appeal, though one was settled and filed within the time allowed by the trial court.

In 1907 an act providing for appeals in criminal cases, was adopted, which contains the following provisions:

"Section 1. No writ of error shall be necessary to present for review in the supreme court any judgment or order heretofore removable thereto by such writ, but any such judgment or order may be therein reviewed by appeal and the words 'writ of error,' where used in the laws of this state, shall be held to mean and include 'appeal.'

"Sec. 2. Such appeal must be taken by serving a notice in writing to such effect, signed by the appellant, or his attorney, on the clerk of the court and state's attorney of the county where the order or judgment appealed from is entered, and filing such notice with the clerk, which notice shall state whether the appeal is from the whole or a part thereof, and if from a part only, specifying what part.

"Sec. 3. After judgment, and before execution, in any case reviewable in the supreme court, upon the defendant stating to the trial court that he desires such matter reviewed on appeal, and desires execution stayed to enable him to perfect such appeal, the court shall, by order, stay such execution thirty (30) days, or such further time as to the court may appear necessary." Laws 1907, p. 189, c. 120.

The Revised Code of Criminal Procedure contains these provisions:

"Sec. 424. The time for preparing the bill of exceptions, or

the amendments thereto, or for settling the same, may be enlarged by the consent of the parties, or by the presiding judge."

"Sec. 427. The bill of exceptions must be filed with the clerk of the court at the time of, or before taking the writ of error."

Reading into the latter section the word "appeal," the statute would seem to require that the bill of exceptions must be filed with the clerk of the court at the time of or before taking the appeal, and the state contends as this was not done. the bill should be stricken from the record. The contention is not tenable. Sections 424 and 427, considered together and in connection with the entire law, simply require the bill of exceptions to be filed at the time of or before taking the appeal in all cases except those wherein the time of settling the same has been enlarged by order of the trial court.

So respondent's motions are both denied.