STATE, Respondent, v. TAYLOR et al, Appellants.

(157 N. W. 819.)

(File No. 4016.   Opinion filed May 1, 1916.)

**Criminal Law—Appeal—Dismissal of Appeal—Appealable Orders— Order Overruling Plea—Statute.**

An appeal to the Supreme Court from an order denying and overruling a plea to a criminal information, attempted to be taken before further proceedings were had under the information, does not lie, either under Code Cr. Proc., Sec. 482, Subd. 4, authorizing an appeal upon bills of exceptions for any of the causes mentioned in Sec. 419; as said subdivision does not add to those determinations of the trial court from which an appeal may be taken, but merely prescribes the record upon which the causes mentioned in Sec. 419 may be reviewed on appeal.   **Held,** further, that the provisions of Laws 1915, Ch. 146, Sec. 5, requiring an order of the trial court to stay further proceedings where an appeal is "taken from an order made before final judgment," does not warrant such appeal, as that section does not add to the classes of orders from which appeals can be taken, but merely authorizes the trial court, in its discretion, to suspend final judgment of conviction until the determination of an appeal from those orders from which appeal is authorized by Sec. 482.

Appeal from Circuit Court, Pennington County.   Hon. Levi McGee, Judge.

The defendant, Earl Taylor, entered a plea in a criminal information against himself and another, and from the trial court's

order denying and overruling such plea, he appeals. Appeal dismissed.

   *Buel & Denu,* and *Soule & Soule,* for Appellant.

   *Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *Patrick Egan,* State's Attorney, for the State.

   Appellant cited: Chap. 146, Laws 1915; §§479 to 493, Code Crim. Proc.; §§419 to 428, Code, Crim. Proc.; Chap. 280, Laws 1913; §§292 to 209, Code Civ. Proc.; Chap. 178. Laws 1913; Chap. 174, Laws of 1913. Const. Art 6, Sec. 9; 12 Cyc. 798, 371; State v. Wilkins, 37 La. 62; State v. Vance, 1 Overt Tenn. 481; State v. Flynn, 31 Ark. 35; In re Gassenheimer, 24 Appeals, Dist. of Columbia, 312.

   WHITING, J. Defendant Taylor having entered a plea to a criminal information, the trial court entered an order denying and overruling such plea. From such order the defendant has attempted to appeal to this court before further proceedings were taken on such information, and the trial court has continued said cause for the purpose of such appeal. The state moves to dismiss the attempted appeal, contending that no appeal lies from such an order.

   In this contention the state is right. The sole authority for an appeal by a defendant in a criminal action is to be found in section 482, Code Crim. Proc. This section authorizes an appeal:

   "1, From a final judgement of conviction.

   "2. From an order refusing a motion in arrest of judgment.

   "3. From an order refusing a motion for a new trial.

   "4. Upon bills of exceptions for any of the causes mentioned in section 419 of this Code."

   Appellant contends that subdivision 4, supra, authorizes such an appeal. It is clear to us that such subdivision does not add to those determinations of the trial court from which an appeal may be taken, but merely prescribes the record upon which the "causes mentioned in section 419" may be reviewed upon an appeal.

   Appellant urges that section 5, c. 146, Laws 1915, indicates an intent to allow appeals from other orders than those mentioned in section 482, supra. Such section requires an order of the

trial court in order to stay further proceedings where an appeal is "taken from an order made before final judgment." The effect of such section is not to add to the classes of orders from which appeals can be taken, but merely to authorize a trial court, in its discretion, to suspend final judgment of conviction until the determination of an appeal from those orders from which appeal is authorized by section 482, supra. Until the enactment of such section there was no statutory authority for such a stay.

The appeal will be dismissed.