STATE, Respondent, v. HUEREMANN, Appellant.

(159 N. W. 398.)

(File No. 3986. Opinion filed October 4, 1916.)

1. **Criminal Law—Appeals—Right to Appeal, Statutory.**

    The right of appeal is purely statutory, it not being conferred by the Constitution.

2. **Same—Appeals—Time for Appeal from Judgment—Statutes.**

    Under Code Cr. Proc., Sec. 484, providing that a writ of error must be sued out within one year after rendition of the judgment, and within 60 days after an order is made, and Code Civ. Proc., Sec. 442, providing that the appeal to the Supreme Court must be taken within 60 days after written notice of the order to party appealing, and that every other appeal must be taken within two years after judgment is perfected, and Laws 1907, Chap. 120, and Laws 1915, Chap. 146, providing that the words "writ of error," where used in laws of this state, shall be held to mean and include appeal, and Laws 1915, Chap. 146, Sec. 2, Subd. 4, providing that Code Civ. Proc., and all amendatory and supplementary laws relating to appeals in civil cases shall govern the procedure on appeal in civil actions, where not otherwise expressly provided for, held, that the word "procedure" does not embrace the matter of time within which an appeal may be taken; and an appeal in a criminal case must be taken within the one year referred to in Sec. 484, since it is expressly provided for by that statute.

3. **Same—Law—Appeals, Limitation of—Postponement of Judgment to Facilitate Appeal—Practice Explained.**

    Upon an appeal from a judgment in a criminal action, held, that the defendant's objection that the only way to avoid the consequence that the time necessarily required for preparing settled record and moving for new trial under the experience of trial courts, is such that an appeal could not be taken within one year from date of judgment, and therefore it is necessary

to procure a postponement of pronouncement and entry of judgment until after transcript had been obtained and the settled record completed, is not tenable; since, under the law now regulating procedure on appeal, an appeal from a judgment may be taken before completion of the settled record.

Appeal from Circuit Court, Davison County. Hon. Frank B. Smith, Judge.

The defendant, Charles A. Hueremann, was convicted of assault, and he appeals. Appeal dismissed.

*Null & Royhl,* for Appellant.

*Byron S. Payne,* Assisstant Attorney General, for the State.

(1) To point one of the opinion, Appellant cited Code, Crim. Proc. Sec. 453; Territory v. Christensen, 4th Dakota, 410; State v. Evans, 12 S. D. 473; Martin v. Smith, 11 S. D. 437; Conradt v. Lepper, 78 Pacific, page 1, 3 Ann Cases, 630 and note; Mills v. Fisher, 16 L. R. A. (N. S.) 656; Chapter 146, Laws 1915; Note in 10 L. R. A. (N. S.) 443.

Respondent cited: Code Crim. Proc. Sec. 484, Laws 1907, Chap. 120; State v. Earl Taylor, 157 N. W.

GATES, J. [1, 2] On December 16, 1914, judgment was rendered and entered against defendant in the trial court. On February 24, 1916, defendant served notice of appeal from the judgment. The state has moved to dismiss the appeal because not taken within one year after the rendition of the judgment.

Section 484, Code Cr. Proc., provided:

"The writ must be sued out within one year after the rendition of the judgment, and within sixty days after an order is made."

By chapter 120, Laws 1907, and chapter 146, Laws 1915, it is provided:

"The words 'writ of error,' where used in the laws of this state, shall be held to mean and include 'appeal.'"

The right of appeal is purely statutory. It is not conferred by the Constitution. State v. Stunkard, 28 S. D. 311, 133 N. W. 253. No court can enlarge the time within which an appeal can be taken. Section 551, C. C. P. It is therefore apparent that an appeal from a judgment in a criminal cause must be taken within one year after the rendition of the judgment unless such time has been enlarged by some other provision of statute.

By chapter 146, Laws 1915, § 2, subd. 4, the Legislature provided:

"The Code of Civil Procedure, and all laws amendatory thereof and supplementary thereto so far as same relates to appeals in civil cases, shall govern the procedure on appeal in criminal actions where not otherwise expressly provided for."

Section 442, Code Civ. Proc., provides:

"The appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing; every other appeal allowed must be taken within two years after the judgment shall be perfected, by filing the judgment roll."

It is the claim of appellant that by the act of 1915 the right of appeal was extended to two years instead of one, or at least that the time within which the appeal may be taken does not begin to run until "the judgment shall be perfected by filing the judgment roll," and, it being asserted that the "judgment roll" was not filed until June, 1915, the appeal was taken in time. Counsel for appellant tersely summarize their contentions as follows:

"Consequently it is our contention that, when the Legislature passed the act allowing appeals in criminal cases, it extended the right of appeal as defined and understood in civil cases with the same limitations, restrictions, and procedure."

The determination of this contention depends upon the proper interpretation of said subdivision 4 of section 2, c. 146, Laws 1915. Said act says that criminal procedure on appeal shall be the same as civil procedure on appeal where not otherwise expressly provided for. If the word "procedure" should be held to embrace the matter of time within which an appeal may be taken, which we do not think is warranted, yet the time within which an appeal may be taken in a criminal case is "expressly provided for" by the statutes above quoted, and is limited to one year.

[3] Counsel for appellant further says:

"The court can readily appreciate that in a criminal trial some time extending over many weeks it is quite difficult to secure a transcript on short time. Then follows the preparation of the settled record and the motion for a new trial, and it is not

unreasonable to suppose that criminal cases, the trial of which has extended over many weeks, might occur, in which it would not be practical to secure the record, prepare the case with sufficient care, present the motion for a new trial and go to the point at which an appeal could be taken within one year from the date of the judgment. The only way to avoid this consequence would be to secure from the trial court a postponement of the entry or pronouncing of judgment until after the transcript had been obtained and the record completed. Most of the trial judges are adverse to any postponement of the entry or pronouncing of judgment, and in a case where the court should be somewhat arbitrary about the matter and pronounce judgment at once or upon conviction it is possible that the year's limitation would defeat the right of appeal."

This argument was declared unsound by the decision in State v. Frazer, 22 S. D. 291, 117 N. W. 366, at a time when chapter 5 of title 8, Code Cr. Proc., was in force (being sections 419-428, inclusive), and in spite of the then section 427, Code Cr. Proc. But by chapter 280, Laws 1913, that chapter of the Code of Criminal Procedure was repealed. Under the laws now regulating civil procedure on appeal, and also at the time this appeal was taken, an appeal from a judgment may be taken before the completion of the "settled record," so that there is still no force in appellant's contention so far as an appeal from the judgment is concerned, which is this case. If an appeal is thereafter desired to be taken from an order denying a new trial, such appeal may be taken, even after the period of one year from the rendition of the judgment, if it is taken within 60 days after notice of the entry of the order, so that even in that case there is still no force in appellant's contention. If this be thought cumbersome, the reply is that the law regulating appeals is a matter of legislative discretion, and not of judicial discretion.

Inasmuch as the appeal was not taken within one year after the rendition of judgment, the motion of the state must be granted, and the appeal dismissed.