STATE, Respondent, v. GUFFEY, Appellant.

(176 N. W. 521.)

(File No. 4610.   Opinion filed February 19, 1920.)

**Appeals—Order Denying Motion to Dismiss Prosecution, Whether Appealable—Statute.**

An appeal to Supreme Court from a circuit court order denying a motion to dismiss a criminal prosecution, is not maintainable under Sec. 630, Code Crim. Proc. 1903 (Rev. Code 1919, Sec. 4808), providing that if a defendant in a criminal prosecution, whose trial has not been postponed upon his application, is not brought to trial at next term at which the indictment, etc., is triable, court must order prosecution dismissed unless good cause to contrary appears; there being no statutory provision permitting review, on direct appeal, of a trial court order made upon such motion under said section; and Supreme Court is without jurisdiction to consider questions of law or to review facts presented on such purported appeal.

Appeal from Circuit Court, Meade County.   Hon. JAMES McNENNY, Judge.

In a prosecution by the State against the defendant, Joshua Guffey, Circuit Court denied defendant's motion to dismiss the criminal prosecution, and he appeals.   Appeal dismissed.

*Harry P. Atwater,* and *H M. Lewis,* for Appellant.

*Byron S. Payne,* Attorney General, for Respondent.

SMITH, J.   This is a direct appeal from an order denying appellant's motion to dismiss a criminal prosecution against appellant.   The motion was founded upon section 630, Code Crim. Proc. 1903 (Rev. Code 1919, § 4808), which provides that:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown."

There is no provision in the Code of Criminal Procedure permitting a review, upon direct appeal, of an order. of a trial court made upon a motion to dismiss a prosecution under this section. This court, therefore, is without jurisdiction to consider the questions of law or to review the facts attempted to be presented upon this purported appeal. State v. Stunkard, 28 S. D. 311, 133 N. W. 253; State v. Taylor, 37 S. D. 229, 157 N. W. 819; section 5031, Rev. Code 1919.

The appeal is therefore dismissed for want of jurisdiction.