STATE, Respondent, v. SWEENEY, Appellant.

(203 N. W. 460.)

(File No. 5834.   Opinion filed April 18, 1925.)

1. **Criminal Law—Appeal and Error—Right of Appeal Is Purely Statutory and Does Not Exist in Absence of Statute.**

   Right of appeal is purely statutory and does not exist in absence of statute.

2. **Criminal Law—Appeal and Error—Criminal Statutes Do Not Authorize Appeal from Order Denying Application of Indigent Defendant for Appointment of Counsel.**

   Rev. Code 1919, Secs. 5031, 5032, relating to criminal appeals do not authorize an appeal from order denying application as an indigent defendant for appointment of counsel for purpose of taking appeal and ordering transcript at expense of county.

3. **Criminal Law — Appeal and Error — Constitutional Law — Civil Statutes Do Not Authorize Appeal from Order Denying Transcript and Appointment of Counsel at County's Expense.**

   Under Rev. Code 1919, Sec. 3168, relating to appeals in civil cases and authorizing appeal from final order, affecting sub-

stantial rights made in special proceedings, order of trial court refusing, after conviction and sentence, to order transcript and appoint counsel to appeal to Supreme Court, is not appealable, notwithstanding Const., Art. 6, Sec. 7, guaranteeing to accused right to defend by counsel, or Rev. Code 1919, Secs. 4791, 4938, or 4940, nor is such proceeding a provisional remedy within Sec. 2382.

4.  Criminal Law—Constitutional Law—Constitutional Guaranty of "Right to Defend by Counsel" Does Not Entitle Defendant to Counsel at Expense of County.

Const., Art. 6, Sec. 7, guaranteeing accused "right to defend by counsel," means merely that prisoner may have counsel, and not that court shall provide counsel at expense of county.

Appeal from Circuit Court, Deuel County; Hon. W. W. Knight, Judge.

James Sweeney was convicted of grand larceny, and from order refusing to order a transcript at expense of county, and appoint counsel to represent him on appeal, he appeals. Appeal dismissed.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General (*Bernard A. Brown,* of Pierre, on the brief), for Respondent.

SHERWOOD, J. This is an appeal from an order of the circuit court of Deuel county denying appellant's application as an indigent defendant to have that court appoint one T. R. Johnson as his counsel for the purpose of taking an appeal to this court and ordering a transcript of the shorthand reporter's notes upon the trial, all at the expense of Deuel county.

The record discloses that defendant was tried by a jury in Deuel county, on the charge of grand larceny, found guilty, and sentenced June 23, 1924, to imprisonment in the penitentiary for seven years. After conviction his counsel withdrew.

No motion for new trial and no appeal was made.

On December 6, 1924, an order was issued by Judge Knight to show cause why Johnson should not be appointed counsel for appellant and why a transcript should not be furnished at the expense of Deuel county. The hearing on this order resulted in an order denying appellant's application, from which order this appeal is taken as above shown.

The Attorney General has moved to dismiss the appeal on the ground that this is not an appealable order, and this is the sole question presented by the record before us.

Our statute relating to appeals in criminal cases is as follows:

"An appeal to the Supreme Court may be taken by the defendant from the following judgments and orders rendered and entered by the circuit, county and municipal courts of the state:

"(1)  From a final judgment of conviction.

"(2)  From an order refusing a motion in arrest of judgment.

"(3)  From an order refusing a motion for a new trial."

Section 5031, R. C. 1919.

"An appeal to the Supreme Court may be taken by the state from the following judgments and orders rendered and entered by the circuit, county and municipal courts of the state:

"(1)  From a judgment for the defendant on a demurrer to the indictment or information.

"(2)  From an order setting aside the indictment or information or arresting the judgment.

"(3)  From an order granting a new trial."

Section 5032, R. C. 1919.

[1]  It is conceded that the right to appeal is a purely statutory right, and, if the statute does not give the right in the case before us, it does not exist.

[2]  It is also conceded that this appeal is not authorized by any of the provisions of any of the statutes relating to criminal appeals.

[3]  It is appellant's contention that this proceeding, taken after final judgment and sentence, in which it is sought to impose a financial burden upon the county of Deuel to employ counsel for and enable the appellant to obtain and settle a record, appeal to, and present his appeal, before this court, is in the nature of a provisional remedy not strictly speaking a part of the criminal case itself, and therefore an appeal is authorized by subdivision 2 of section 3168, R. C. 1919, relating to appeals in civil cases, which reads as follows:

"The following orders, when made by the court, may be carried to the Supreme Court:

*  *  *

"(2) A final order affecting a substantial right, made in special proceedings, or upon a summary application in an action ofter judgment."

And that in considering this proposition we should take into account section 4938, R. C. 1919, which reads as follows:

"Except as otherwise specially provided, the manner of preserving exceptions and securing a settled record for the purpose of a motion in arrest of judgment, a motion for a new trial or an appeal to the Supreme Court in criminal actions and proceedings, shall be the same as in civil actions and proceedings."

And section 4940, which reads as follows:

"Neither a departure from the form or mode prescribed in this title in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right."

And section 4791, which says:

If "the defendant is without means and unable to employ counsel, the court shall assign counsel for his defense."

Also, that part of section 7, art. 6, of the Constitution, which provides:

"The accused shall have the right to defend * * * by counsel."

An inspection of section 4938, supra, makes it clear that this section relates only to the manner of preserving exceptions and securing a settled record; while section 4940, supra, merely declares that certain errors shall not render the proceeding void, unless actually prejudicial to an appellant. Neither of these sections were in any way intended to add, nor do they add, another ground for appeal. State v. Taylor, 37 S. D. 229, 157 N. W. 819.

[4] Section 7 of article 6 of our Constitution merely means that the prisoner may have the assistance of counsel in conducting his defense, not that the court shall provide such counsel at the expense of the county. People ex rel Hadley v. Albany County, 28 How. Prac. (N. Y.) 22; People v. Niagara County, 78 N. Y. 622; Elam v. Johnson, 48 Ga. 348; Johnson v. Whiteside County, 110 Ill. 22; Nabb v. U. S., 1 Ct. Cl. 173; Pardee v. Salt Lake County, 39 Utah 482, 118 P. 122, 36 L. R. A. (N. S.) 377, Ann. Cas. 1913E, 200.

In a footnote to Pardee v. Salt Lake County, 36 L. R. A. (N. S.) at page 380, it is said:

"No inference that it was intended that the county should be held responsible to pay for the services of the attorney defending the accused arises from a statute making it the duty of the court to assign counsel to defend an accused person without means"— citing Presby v. Klickitat County, 5 Wash. 329, 31 P. 876; Johnson v. Whiteside County, 110 Ill. 22; Nabb v. United States, 1 Ct. Cl. 173.

The only case cited by appellants to sustain their contention is State v. Wright, 111 Iowa 621, 82 N. W. 1013. The Iowa Supreme Court base their decision in that case solely upon the ground that the proceeding is not, strictly speaking, a part of the criminal case, but is in the nature of a provisional remedy. It will be noted in that case that it was a three to five opinion, Judges Deemer and Ladd vigorously dissenting from the view of the majority of the court.

After a careful consideration of the case, we are inclined to agree with the reasoning of the minority opinion. We think the case has not been followed by any other court.

It is clear from out statute that this proceeding is not a provisional remedy, section 2382, R. C. 1919, and we do not think it is in the nature of a provisional remedy.

No appeal will therefore lie form this order under the provisions of section 3168, R. C. 1919; and as there is no provision in the Code of Criminal Procedure permitting a review, upon direct appeal, of an order of a trial court refusing, after conviction and sentence, to order a transcript and appoint counsel to appeal to the Supreme Court, we think this court is without jurisdiction to entertain this appeal. State v. Guffey, 42 S. D. 532, 176 N. W. 521; State v. Stunkard, 28 S. D. 311, 133 N. W. 253; State v. Taylor, 37 S. D. 229, 157 N. W. 819; State v. Finstad, 16 S. D. 422, 93 N. W. 640; State v. Hueremann, 37 S. D. 649, 159 N. W. 398.

The appeal is therefore dismissed for want of jurisdiction.

CAMPBELL, J., not sitting.

Note.—Reported in 203 N. W. 460. See Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1023½, 17 C. J. Sec. 3261; (2) and (3) Criminal law, Key-No. 1023(12), 17 C. J.

Secs. 3285, 3306; (4) Criminal law, Key-No. 641(1), 16 C. J. Sec. 2076.