NATIONAL BANK OF COMMERCE, Appellant, v. JURY et al, Respondents.

(204 N. W. 945.)

(File No. 5490. Opinion filed August 25, 1925.)

1. **Appeal and Error—Right of Appeal Is Wholly Statutory.**

Right of appeal is wholly statutory.

2. **Appeal and Error—Pleading—Bill of Particulars—Order Requiring Plaintiff to Furnish Bill of Particulars Held Not Appealable.**

Order requiring plaintiff to furnish a bill of particulars held not appealable under Rev. Code 1919, Sec. 3168, subds, 1, 4, because not being an order preventing a judgment from which an appeal may be taken, nor involving merits of action or any part thereof.

3. **Appeal and Error—Motions—When Dismissal of Appeal Is Proper, Even in Absence of Motion Therefor, Stated.**

When want of jurisdiction is called to the attention of the Supreme Court, and is apparent to the court, dismissal of appeal is proper, though there is no motion to dismiss.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

Action by the National Bank of Commerce against J. W. Jury and another. From an order requiring plaintiff to furnish a bill of particulars, plaintiff appeals. Appeal dismissed.

*Clark & Henderson,* of Yankton, for Appellant.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondents.

MORIARTY, C. This is an action begun by the appellant, National Bank of Commerce, against the Western Surety Company, the respondent herein, and one J. W. Jury. The appellant in its complaint alleged that the defendant J. W. Jury was acting as cashier in its bank during the period beginning on the 28th day of April, 1920, and ending on the 28th day of April, 1922, that the defendant, on the 28th day of April, 1920, executed and delivered its certain bond whereby it agreed to reimburse the plaintiff for any loss or damage it might sustain through the dishonesty or bad faith of the said J. W. Jury, and that said bond remained in force from its date to the 28th day of April, 1922; and the plaintiff further alleges that, during the period that the said

bond was so in force, the plaintiff suffered from certain acts of dishonesty and bad faith on the part of the said J. W. Jury, losses aggregating the sum of $9,825, and it prayed judgment against each of the defendants in that sum, together with interest.

The defendant Jury did not appear in the action, but the defendant Western Surety Company applied to the trial court for an order requiring the appellant herein to furnish a bill of particulars setting forth the particular acts of dishonesty and bad faith complained of and particulars as to the items of loss upon which its claims of damage were based.

The trial court granted this application, and entered its order requiring appellant, within 30 days from the service of the order, to furnish such bill of particulars. From the order so entered the appellant has taken the appeal now before this court.

[1] In the view which we take of this appeal it will be necessary to discuss but one question presented, viz., Is the order sought to be appealed from an appealable order under the statutes of this state? It has long been settled in this state that the right of appeal is wholly statutory. State v. Hueremann, 37 S. D. 649, 159 N. W. 398; Lingenfelter et al v. Gehringer et al, 43 S. D. 275, 178 N. W. 946.

[2] Section 3168 of the Revised Code enumerates the orders which may be reviewed on appeal in this state. Subdivisions 1 and 4 of this section contain the only provisions which appellant can possibly rely upon as supporting his right to maintain this appeal.

Subdivision 1 makes reviewable "an order affecting a substantial right, * * * when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

The order requiring the furnishing of a bill of particulars is certainly not an order which prevents a judgment from which an appeal may be taken. Any prejudice which appellant might suffer by the entry of such order could be made the basis of an exception, and, in event of a judgment unsatisfactory to appellant, the entire proceeding could be reviewed upon appeal from the judgment. Viewed from this standpoint, the order is merely interlocutory.

Subdivision 4 of section 3168 makes reviewable an order "when it involves the merits of an action or some part thereof." Other parts of the subdivision evidently cannot apply to the order involved herein. Can it be said that an order requiring the furnishing of a bill of particulars involves the merits of an action, or any part thereof? We think ·not. A bill of particulars simply completes the pleading. Not upon the theory of the adverse party, but upon the theory of the pleader himself. Instead of involving' the merits, its function is to define the issues, so that court and counsel may clearly 'understand what the pleader alleges the merits of his case to be.

It is true that this court in Irwin v. Taubman, 30 S. D. 502, 139 N. W. 115, Ann. Cas. 1915C, 1263, assumed jurisdiction of an appeal from an order requiring the furnishing of a bill of particulars, and that the merits of the order and the application therefor were considered on that appeal. But the complete statement of the contentions of the parties, which appears with the opinion in that ·case, shows that the question of jurisdiction was not raised or considered by the court, and was not brought to the attention of the court. So that ·decision cannot be considered as creating any precedent controlling the court in the instant case.

[3] There is no motion to dismiss the appeal in this case, but, when want of jurisdiction is called to the attention of the court, and is apparent to the court, dismissal of the appeal is proper.

The appeal is dismissed for want of jurisdiction.

Note.—Reported in 204 N. W. 945. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 1, 3 C. J. Sec. 30; (2) Appeal and Error, Key-Nos. 90, 93, 3 C. J. Secs. 264, 266; (3) Appeal and Error, Key-No. 792, 4 C. J. Sec. 2402.

On Rev. Code, Sec. 3168, · see annotations Kerr's Cyc. Codes, 1920, Code Civ. Pro., Sec. 963.