STATE, Respondent v. DAVIS, Appellant

(86 N.W.2d 174)

(File No. 9663. Opinion filed November 25, 1957)

**Claude Maule,** Winner, **G.F. Johnson,** Gregory, for Defendant-Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., **Marvin S. Talbott,** State's Atty., Tripp County, Winner, for Plaintiff-Respondent.

SMITH, P. J. The defendant moved for a directed verdict of acquittal pursuant to SDC 34.3650. The motion was denied. The jurors failed to agree on a verdict and were discharged. The defendant appealed from the order of the court which denied defendant's motion for a direct verdict. The State contends that the appeal should be dismissed on the ground that the order is not appealable.

The right of appeal is statutory and does not exist in the absence of statute. State v. Sweeney, 48 S.D. 248, 203 N.W. 460; State v. Gufey, 42 S.D. 532, 176 N.W.

521; State v. Hueremann, 37 S.D. 159 N.W. 398; and State v. Stunkard, 28 S.D. 311, 133 N.W. 253.

SDC 34.41 deals with appeals in criminal matters. A right of appeal is granted a defendant from a final judgment of conviction by SDC 34.4101. The Supreme Court, in its discretion, may allow a defendant to appeal from an intermediate order made before trial. SDC 34.4103. In State v. Zachte, 69 S.D. 519, 12 N.W.2d 372, 373, this court said, "An appeal by defendant in a criminal action may be taken only from the final judgment of conviction or from an intermediate order when allowed by this court." Manifestly, the present appeal is authorized by neither of the cited provisions of statute.

 Nevertheless, counsel asserts that the right of appeal has been granted a defendant in the circumstances now under consideration by SDC 34.3650. The cited section is a part of the chapter entitled "Circuit Court Procedure: Conduct Of Trial" and reads as follows (emphasis supplied):

"At any time after the evidence on either side is closed, the Court may, upon motion of the defendant, direct the jury to return a verdict of acquittal, and in the event of the failure of the jury to return such verdict of acquittal, the Court may refuse to receive any other verdict and may discharge the jury and enter a judgment of acquittal.

"**The denial of the motion may be reviewed upon appeal to the Supreme Court by the defendant.**"

The source note of the foregoing section reads as follows: "Source: § 4894 Rev. Code 1919, revised so as to permit direction of verdict of acquittal and to require jury to follow such directions, **and to permit appeal therefrom.**" (Emphasis supplied.)

Prior to the revision of 1939 the trial court could advise a jury to acquit, but it could not direct a verdict of acquittal. § 4894 Rev.Code 1919. And it had become settled that error on appeal could not be predicated on a court's refusal to advise a verdict of acquittal. State v. Titus, 64 S.D. 280, 266 N.W. 260; and State v. Williams, 47 S.D. 68, 196

N.W. 291. SDC 34.3650 was enacted to grant the trial court power to direct an acquittal and to authorize a defendant to predicate error on its refusal to so direct. So much is obvious. Was more intended by the legislature? We think not.

The words employed by the legislature, as distinguished from the words of the source note, speak of a power of review by this court rather than of a right of appeal by the defendant. The scope of this court's power of review in criminal matters is defined by SDC 34.4109, from which we quote from two paragraphs (with emphasis supplied) as follows:

"Such of the matters specified in subdivisions (5), (6), and (7) of section 34.4002 as may have been timely presented to the trial court by **motion for directed verdict** * * * may be reviewed on **appeal** from the **judgment** without necessity for an application for a new trial [and]

 * * * * * *

"The Supreme Court by its judgment may reverse, affirm, or modify the judgment or order appealed from, * * * or when the appeal is from a **judgment** and the defendant assigns as error a **ruling** of the Court **denying a motion for a directed verdict of acquittal and the Court determines that such motion should have been granted, the Court may order that such judgment of acquittal be entered.**"

It will be observed the legislature contemplated a review of such a ruling on appeal from judgment.

It is noteworthy that the changes it was intending to make in § 4894 Rev.Code 1919, dealing with motions for an advised verdict, and in §§ 5031 and 5032, dealing with the right of appeal, were under consideration by the legislature at the same time in the revision of 1939. It was adopting a policy to limit defendant's appeal, as a matter of right, to an appeal from a judgment of final conviction, cf. SDC 34.4101, and in connection therewith to authorize a broad scale review by this court of the

proceedings below SDC 34.4109. If, contrary to this over-all policy, it had entertained an intention to grant to defendant a direct right of appeal from every adverse ruling on a motion for a direct verdict, it seems reasonable to believe it would have so provided in SDC 34.41, dealing with appeals, in terms not to be misunderstood.

A holding that the legislature intended to grant defendant the direct right of appeal for which he contends must rest more on the phrase we have emphasized, supra, in the source note to SDC 34.3650 than on the words employed by the legislature. We are warned by SDC 65.0202(4) that "Nothing contained in any source note shall be deemed as an expression by the Legislature as to the purpose, reason, scope, or effect of any section to which such source note relates." Predicated on the words of the source note, we think we should not translate a grant of authority to review a ruling into a right of direct appeal therefrom.

Our order will be that the appeal of the defendant be dismissed.

All the Judges concur.