**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Richard HARE, Defendant and Appellant.**

**No. 12112.**

Supreme Court of South Dakota.

Nov. 30, 1977.

---

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent, William J. Janklow, Atty. Gen., Pierre, on the brief.

Lee A. Tappe of Tappe & Vavra, Platte, for defendant and appellant.

## PER CURIAM.

Defendant was convicted by a jury of third degree burglary and sentenced to a term of fifteen months in the state penitentiary. The final judgment of conviction was signed by the trial judge, and attested and filed by the clerk on October 6, 1976.

On December 7, 1976, defendant filed in the office of the clerk of the trial court a notice of appeal to this court from the judgment. The notice of appeal was filed more than sixty days after the date upon which the judgment was signed, attested and filed. The appeal is, therefore, not timely. SDCL 23–51–6.

In the same notice of appeal, defendant appeals from the order of the trial court denying defendant's motion for a new trial. The order denying a new trial is not appealable, but instead is reviewable by this court on a timely appeal from the judgment. SDCL 23–51–16; See *State v. Davis*, 77 S.D. 87, 86 N.W.2d 174 (1957); *State v. Zachte*, 69 S.D. 520, 12 N.W.2d 372 (1943).

Filing of the notice of appeal from the judgment within the time limit provided by SDCL 23–51–6 is jurisdictional. *Federal Land Bank of Omaha v. Le Mars Mut. Ins. Co. of Sioux Falls*, 65 S.D. 143, 272 N.W. 285 (1937).[1] This court is without

---

1. Parenthetically, we note that this case also held that depositing in the mail does not constitute filing, but rather, when mailed, the notice of appeal is not filed until it is received in the office of the clerk.

jurisdiction to hear this appeal, and the appeal must therefore be dismissed. See *State v. Devine*, S.D., 257 N.W.2d 606 (1977).

We have sua sponte raised the issue of the jurisdiction of this court to hear the appeal. We are required to take notice of jurisdictional questions, whether presented by the parties or not. *National Casing Co. v. Schmechel*, 44 S.D. 101, 182 N.W. 526 (1921). The appellate jurisdiction of this court will not be presumed but must affirmatively appear from the record. *Valley Land & Irrigation Co. v. Schone*, 2 S.D. 344, 50 N.W. 356 (1891).

Appeal dismissed.