STATE, Respondent, v. TITUS, Appellant.

(266 N. W. 260.)

(File No. 7775.   Opinion filed April 7, 1936.)

Thos. G. *Wall*, of Sturgis, for Appellant.

*Walter Conway*, Atty. Gen., and *W. E. Weygent*, Asst. Atty. Gen., for the State.

ROBERTS, J. The defendant is charged in an information filed by the state's attorney of Butte county with the larceny of two horses, the property of Oscar Orwick. Defendant was found guilty, and has appealed to this court from the judgment and order denying motion for new trial.

Witnesses whose names were not indorsed on the information were permitted to testify for the state. When they were called to testify, defendant objected on the ground that their names had not been indorsed in the manner required by statute. Defendant assigns as error the overruling of such objections. Defendant's counsel was given notice before trial by the state's attorney that the state would call these witnesses, and defendant made no showing of surprise and did not ask for a postponement of trial. Under the settled rule in this jurisdiction, it was not error for the trial court to permit such witnesses to testify. State v. Cherrington, 34 S. D. 562, 149 N. W. 421; State v. Morgan, 42 S. D. 517, 176 N. W. 35.

■  It is contended that the court erred in admitting certain incompetent evidence. The trial court granted the motion of defendant's counsel to strike out this evidence and admonished the jury to disregard it. It does not appear from the record that defendant was not content with the ruling which was made upon his motion. The instruction of the court to disregard this evidence was explicit and positive, and the evidence, if improperly admitted, did not create a prejudice which in the opinion of this court could not be removed by its subsequent withdrawal from the consideration of the jury.

■■  Defendant complains that the evidence was not sufficient to sustain the verdict. Section 2546, Rev. Code 1919, provides that a party relying upon the insufficiency of the evidence to justify a verdict shall set forth in the specifications of error the particulars wherein the evidence is insufficient. The practice is founded on the theory that the insufficiency of the evidence should be fairly called to the attention of the trial court and an opportunity be afforded to the court to consider whether the evidence is sufficient to justify the verdict. It does not appear from the specifications that the question of the insufficiency of the evidence was presented upon the motion for new trial. This court will not review an assignment not based upon specifications of error, though it may specify the particulars wherein the evidence is insufficient. See State v. Tiedeman, 49 S. D. 356, 207 N. W. 153; State v. Runyan, 49 S. D. 406, 207 N. W. 482. If the purported assignment is construed to refer to the specification that the trial court erred in its refusal to advise a verdict on the ground that the evidence was insufficient, the assignment cannot be sustained. Error cannot be predicated on the refusal of the trial court to advise an acquittal State v. Stone, 30 S. D. 23, 137 N. W. 606; State v. Keeble, 49 S. D. 456, 207 N. W. 456.

■■  Defendant further claims error in the refusal of the court to grant the motion for new trial upon grounds of newly discovered evidence. The motion was based on the contention that additional evidence would contradict the identification of one of the horses alleged to have been stolen. It is a general rule that application for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its

ruling on such motion will not be disturbed, unless abuse of discretion is shown. The additional evidence is in its nature impeaching and cumulative and not such as would probably change the result. In our opinion, no abuse of discretion is shown in the refusal to grant a new trial on the ground of newly discovered evidence.

The judgment and order appealed from are affirmed.

WARREN and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs in result.

POLLEY, P. J., dissents.