**Virgil Dale AGEE, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 78–0552–CV–W–4.

United States District Court,
W. D. Missouri, W. D.

April 26, 1979.

John S. Pratt, Springfield, Mo., for petitioner.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Petitioner, presently confined at the Missouri State Penitentiary, has filed a second habeas corpus petition under 28 U.S.C. § 2254 challenging his 1970 state rape conviction. He currently serves a 99-year sentence entered in connection with that conviction, and it is the length of that sentence with which the Court is primarily concerned.

The claims in this action are all that remain after a long series of direct and collateral attacks upon petitioner's conviction. The Missouri Supreme Court initially affirmed petitioner's conviction on direct appeal, *State v. Agee*, 474 S.W.2d 817 (Mo. 1970), and the Missouri Court of Appeals rejected a series of claims in petitioner's first motion under Missouri Rule 27.26. *Agee v. State*, 512 S.W.2d 401 (Mo.App. 1974). Petitioner then filed a petition under 28 U.S.C. § 2254. This Court denied relief after an evidentiary hearing. *Agee v. Wyrick*, 414 F.Supp. 435 (W.D.Mo.1976). On appeal, the Eighth Circuit affirmed this Court's denial of relief on all issues except two, stating:

> On the appeal, the petitioner for the first time focuses his attack on the assistance of counsel as bearing upon the lengthy sentence imposed by the jury. The question is sufficiently unique that we believe it is appropriate for us to apply the exhaustion of remedies doctrine and require that petitioner present to the state court his incompetency of counsel claim as it relates with specificity to the imposition of a heavy sentence. . . . [T]he issue presented in this case is one of first impression, *i. e.*, whether incompe-

tency of counsel, if such existed, served to unconstitutionally enhance Agee's sentence . . ..

Accordingly, we affirm the judgment of the district court except on the claim of incompetency of counsel and the introduction of evidence on the alleged uncounselled misdemeanor conviction. Those contentions now relate only to Agee's claim of an enhancement of his sentence based on alleged violations of his constitutional rights. These matters may be presented to the Missouri courts for further consideration.

*Agee v. Wyrick*, 546 F.2d 1324, 1327–28 (8th Cir. 1976).

After filing a second Rule 27.26 motion on the claims described by the Eighth Circuit, in which the trial court again denied relief, and another unsuccessful appeal, *Agee v. State*, 562 S.W.2d 762 (Mo.App. 1978), petitioner returns to this Court with two claims:

1. Petitioner's conviction should be set aside or his sentence reduced because petitioner's trial counsel failed to object to improper cross-examination and closing argument by the prosecuting attorney, which failure denied petitioner his right to the effective assistance of counsel . . . and resulted in petitioner receiving an enhanced sentence.

2. Petitioner's conviction should be set aside or his sentence reduced because petitioner's trial counsel failed to object to the cross-examination of the prosecuting attorney concerning an uncounselled misdemeanor conviction, thereby permitting the jury to receive misinformation of a constitutional magnitude which resulted in the enhancement of punishment meted out by the jury to the petitioner. The petitioner was thereby denied his right to the effective assistance of counsel · · ·

Petitioner's Suggestions in Support of Motion to Vacate, at 4, 7. Petitioner is represented by retained counsel in this action, and both he and counsel for respondent have submitted extensive arguments in support of their positions.

Before proceeding further, it is important to make several preliminary observations. First, the Eighth Circuit expressly held that the errors alleged by petitioner in this action were not sufficient to invalidate the jury's finding on the issue of guilt. *Agee v. Wyrick*, 546 F.2d 1324, 1326–27 (8th Cir. 1976). Accordingly, the Court's decision in this case is limited to the effect that these alleged errors may have had upon the sentence imposed by the jury. Second, petitioner has exhausted state remedies on the claims presented in this petition. *See, e. g., Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1972). Third, this case raises claims concerning the assistance provided by petitioner's trial attorney. The independent legality of the cross-examination of petitioner and his wife and admission of the uncounselled misdemeanor conviction are not at issue except as they bear on the assistance given by counsel. With these points in mind, the Court turns to the legal standard and facts of the case.

■ To succeed on a claim of ineffective assistance of counsel, petitioner must first show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Petitioner must also show that he was materially prejudiced in the defense of his case by the action or inaction of his attorney. *See, e. g., Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978); *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978); *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977); *Benson v. United States*, 552 F.2d 223 (8th Cir. 1977); *Pinnell v. Cauthron*, 540 F.2d 938 (8th Cir. 1977); *Boothe v. Wyrick*, 452 F.Supp. 1304 (W.D. Mo.1978).

■ Petitioner's first claim of ineffective assistance is based on his attorney's failure to object to certain cross-examination of petitioner and his wife by the prosecutor. During the cross-examination of petitioner, the following exchange occurred:

Q. (prosecutor) You say your wife is twenty-three?

A. (petitioner) Yes, sir.

Q. Is she the mother of your six year old?

A. Yes, sir, she is.

Q. So that means that your six year old girl would have been born when your wife was what, seventeen years old?

A. Yes.

Q. Your wife must have been about sixteen when you married her, is that right?

A. I believe so, yes.

Q. And that was seven years ago?

A. Yes, sir.

Q. So seven years ago you would have been twenty-four?

A. Yes, sir.

Q. You were twenty-four years old and married a sixteen year old girl, is that right?

A. That's true, sir.

Q. All right. Now, this was not your first wife?

A. No, sir.

Q. You were married before you married this sixteen year old girl?

A. Yes.

Q. How old was this girl when you married her?

A. I don't recall. I don't know. I don't remember.

Tr., 164–65.

Petitioner then called his wife as a defense witness. On direct examination, the following colloquy occurred:

Q. (defense counsel) All right. How old are you Mrs. Agee?

A. (Mrs. Agee) Twenty-three.

Q. When were you and the defendant married?

A. About May the 26th of '64.

Q. You were how old at the time?

A. Sixteen.

Q. Sixteen. Where were you married?

A. Orlando, Florida.

Q. Is that your home?

A. My step-father's in the service and he was stationed at the base there.

Q. Did you have the permission of your parents to get married?

A. Yes.

Q. Do you and your husband—you have children by your husband, Mrs. Agee?

A. I've got three, we have a little girl and twin boys.

Q. How old is your little girl?

A. She's six.

Q. And how old are the boys?

A. Four.

Q. They're twin boys?

A. Yes.

Q. Do you and your husband have a happy marriage?

A. Yes.

Tr., 170. On cross-examination, the following exchange occurred between Mrs. Agee and the prosecutor:

Q. (prosecutor) What is your date of birth?

A. (Mrs. Agee) November 10, 1947.

Q. So you were about sixteen and a half when you married Agee, is that right?

A. Yes.

Q. And you say you have a girl six?

A. Yes.

Q. What is the date of her birth, please?

A. June 28, '64.

Q. June 28, '64?

A. Yes.

Q. So she was born about a month after your marriage, is that right?

A. Yes, sir.

Q. So you were eight months pregnant at the time you married him?

A. Yes, sir.

Q. And if you were eight months pregnant in May of 1964, let me see, let me do some backwards counting here, that means that child had been conceived some time in September, then, of 1963, is that correct?

A. Yes, sir.

Q. And at that time you would have been fifteen years of age, is that correct?

A. Yes, sir.

*Tr.*, 173–74.

In his summation, the prosecutor made the following remarks:

Now I want to talk a little bit about the sentence on this case. The Judge has told you that you've got a wide range in her [sic], you can send this man to the penitentiary for as long as you want to, from two years on up, you set the term. Any sentence you want to impose in this case you're free to impose. Now when you go in your jury room I hope and I ask that when you start talking about sentence in this case, I hope the discussion is going to start around thirty years, because that's what this case is worth. Anything less than thirty years would be a miscarriage of justice. You've got a twelve year old girl, absolutely no thought by him as to her future, her consequences, anything that might happen to her, whether she has a baby, whether she has emotional scars she'll carry, he couldn't care less, he couldn't care less. Just the same as the girl he conceived a child with when he was twenty-four and she was fifteen. Now they made a big to do about him never being convicted of any prior sex crimes, and his own evidence has destroyed that, he conceived a child with a fifteen year old girl when he was twenty-four, and his evidence told you that. Now mind you that was developed from his witnesses, not the State's witnesses.

*Tr.*, 217. Petitioner argues that these references were objectionable under Missouri law, and that trial counsel's failure to object to them resulted in an improperly enhanced sentence.

In its opinion denying relief on this point, the state court made the following determination on the cross-examination claim:

The direct examination of the wife opened up the matter of the marital relationship and its antecedents. The appearance of the wife as a witness was apparently to try to persuade the jury that defendant was a settled married man who was living contentedly with his wife and the eldest child age 6 and the twins age 4 and satisfied his desires at home. It was this evidence that the state had good reason to believe it had the right to bring out by "cross-examination" evidence and argue it to the jury. Movant tried to gain a tactical advantage by putting his wife on the stand . . . . To the extent that this was achieved, it should be weighed against the inadmissible evidence to determine the overall prejudicial effect, if any, of the state's cross-examination and final argument.

In its footnote 2, the Eighth Circuit cites authority for the general rule in Missouri that evidence of prior sexual misconduct involving the defendant and a person other than the prosecuting witness is inadmissible and that there is nothing in the record to suggest that the evidence falls within any of the recognized exceptions to this general rule. However, the jury could have concluded that the state was merely answering and trying to reduce the effect of the wife's testimony on direct examination. . . .

This Court doubts that the jury, because of the state's cross-examination and argument, concluded that defendant was a sex maniac and therefore enhanced his punishment. Only one prior occurrence appeared, and this with a girl whom he married and lived with since, along with their children. There was no indication in the evidence that defendant forcibly had sex with her.

The other evidence was so strong . . . that it could well justify and explain the jury's conclusion on punishment. As noted by Judge Seiler, "The defendant, a 31 year-old man raped with repeated penetrations over a substantial period of time, a twelve-year-old girl. He threatened her life, struck her on the face with a rock, slapped her, and told her if she tried to leave his friend in the truck would rape her. There were elements of brutality and grossness present." In addition were the evidence on the drinking, the

victim's age and her demeanor as a witness, the isolated place of the occurrence, and its emotional impact on the victim. The jury obviously disbelieved defendant's testimony. This could have been a factor that contributed to cause the jury to assess the punishment of 99 years. *Rule 27.26 Tr.*, 60–62.[1]

In *Agee v. Wyrick, supra* at 1326–27, the Eighth Circuit apparently held that counsel's failure to object to the prosecutor's cross-examination and summation concerning petitioner's marital status was a violation of his duty to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Although the panel's opinion does not make it clear whether this finding was part of the holding or mere dicta, the Court accepts it as controlling for purposes of this case. Thus, petitioner will succeed on his ineffective assistance claim if he was materially prejudiced with regard to his sentence by his attorney's failure to object. *See, e. g., Morrow v. Parratt, supra.*

After a careful re-examination of the trial transcript and analysis of the state court's opinion in petitioner's second Rule 27.26 proceeding, the Court concludes that petitioner's sentence was not improperly enhanced by admission of the improper cross-examination and summation. As noted by every court that has had occasion to examine the facts in this case, the prosecution's case against petitioner was clear, convincing and overwhelming. The state presented persuasive evidence of a barbaric crime committed against a child. Petitioner's acts, without any other evidence concerning his consumption of liquor before the offense, the apparent effect of the crime on the victim, the location of the crime, or petitioner's two prior felony convictions, clearly would have justified imposition of a 99 year sentence. When the other circumstances described above are added, there is overwhelming support for the sentence imposed by the jury.

This conclusion is strongly supported by the conclusions of the state trial judge, who observed the trial and had two opportunities to review his decisions in the Rule 27.26 proceedings. His finding that the prosecution's case in chief, without reference to the cross-examination and summation concerning petitioner's marital status, was sufficient to support the long sentence imposed by the jury is entitled to great weight in this proceeding. *See, e. g., Franklin v. Wyrick*, 529 F.2d 79 (8th Cir. 1976); *Wolfs v. Britton*, 509 F.2d 304 (8th Cir. 1975).

It should also be noted that long sentences for rape under similar circumstances are not uncommon in Missouri. *See, e. g., Donaldson v. Wyrick*, 393 F.Supp. 1041 (W.D.Mo.1974) (life sentence changed by trial judge to 99 years); *State v. Drope*, 462 S.W.2d 677 (Mo.1971) (life); *State v. Deckard*, 426 S.W.2d 88 (Mo.1968) (99 years); *State v. Arrington*, 375 S.W.2d 186 (Mo. 1964) (40 years); *State v. Brownridge*, 353 S.W.2d 715 (Mo.1962) (99 years); *State v. Wolfe*, 343 S.W.2d 10 (Mo.1961) (death); *State v. McMillian*, 338 S.W.2d 838 (Mo. 1960) (life). In each of these cases, it appears that a court or jury imposed a long sentence based solely upon the nature of the crime committed and defendant's past record of felony convictions. If this case had been an isolated incident where a long sentence was imposed for a forcible sexual assault, it might plausibly be inferred that the information concerning petitioner's marital status was a significant factor in the sentence. Given the long-standing practice in Missouri of imposing long sentences for rape, however, such an inference cannot plausibly be made.

Accordingly, the Court concludes that the failure of trial counsel to object to introduction of information concerning petitioner's marital status did not result in prejudice to petitioner by imposition of an improperly enhanced sentence. This claim of ineffective assistance must therefore be rejected.

---

1. All references to the Rule 27.26 Transcript are to the record compiled during the processing of petitioner's second Rule 27.26 motion, No. 82592–3, in the Circuit Court of Greene County, Missouri.

Petitioner also alleges that his sentence was improperly enhanced because the jury considered an uncounselled misdemeanor conviction. The claim arose after petitioner took the stand in his own defense at trial. On direct examination, he stated that he returned to Springfield on the evening of the offense but that he did not arrive at the scene of the crime until after it had occurred. He testified that he drove past the scene of the crime, heard a child screaming and stopped his pickup truck to help. At that point, he was arrested by police officers. Petitioner then answered questions from his attorney concerning his criminal record:

Q. (defense counsel) What trouble have you been in? Have you ever served time in the Penitentiary?

A. (petitioner) Yeah, I was in reform school in 1959 to 1962, I done 18 months down there, I got out in 1962, this was under the youth correction act for possession of illegal firearms in Oklahoma, El Reno, Oklahoma.

Q. The Youth Correctional—

A. Act.

Q. Was that under Federal or State?

A. That was Federal, this was a Federal Rehabilitation Act.

Q. That was in connection with firearms?

A. Yes, sir.

Q. What was the specific charge, do you remember?

A. Yes, sir, it was a violation of the Sullivan Act, just illegal possession of firearms, that's all I know.

Q. What did you have, a small gun?

A. Yes, sir, I had a rifle that had been cut down into a pistol.

Q. Have you been in any other trouble?

A. Yes, sir, just this year in Christian County for burglary and I plead [sic] guilty to that for probation.

Tr., 162. On cross-examination, prosecutor elicited the following information from petitioner:

Q. (prosecutor) Now you did eighteen months on a charge, a Federal charge, for violation of the federal firearms act, isn't that right?

A. (petitioner) Yes, sir.

Q. Now, prior to that you had been convicted of malicious property destruction and had gotten sixty days in the county jail in 1958, had you not?

A. Yes, sir.

Q. Okay. And then just in April of this year you were convicted on a plea of guilty in Christian County to burglary and larceny, is that right?

A. Yes, sir.

Tr., 168. It is clear that petitioner was not represented by counsel during the 1958 proceedings that led to the malicious destruction conviction. Defense counsel did not object to cross-examination on the 1958 conviction, and it is this omission that form the basis for the second ineffective assistance claim.[2]

In its opinion denying relief on this point, the state court made the following determination concerning admission of the uncounselled misdemeanor conviction:

As to the assertion in Point I that *Loper* [*v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972),] requires that the sentence be reduced, the court now proceeds in compliance with the Eighth Circuit's opinion that this matter "may be presented to the Missouri courts for further consideration."

The court notes first, on this point, that the Eighth Circuit, in view of the strong and compelling evidence outlined by it, was "convinced beyond a reasonable doubt that the admission of petitioner's uncounselled misdemeanor conviction, *if*

---

2. In earlier proceedings, this claim has been represented in a slightly different form: that it was unconstitutional error for the jury to consider the uncounselled conviction. Such a claim is substantially equivalent to an allegation that petitioner was prejudiced by such consideration; an allegation of prejudice is an essential element of an ineffective assistance of counsel claim. Thus, on the prejudice issue, the Court's analysis will be the same regardless of whether this allegation is made with reference to the action or inaction of counsel.

*error at all,* only amounted to harmless error on the issue of petitioner's *guilt.* (emphasis supplied). If such admission was harmless error as to the vital issue of guilt, it is difficult to discern why or to what extent it may be harmful error of constitutional or other magnitude on the issue of punishment. However, the court considers itself obliged to deal with the question anew in view of the Eighth Circuit's opinion.

The misdemeanor conviction was only 60 days and imposed when movant was only 19 years old. Even when considered with all other errors, it was not sufficient to convince the Eighth Circuit that it caused any fundamental unfairness on the issue of punishment. It is comparatively insignificant when taken alongside the strong evidence of guilt, the brutality of the crime, and movant's other criminal conviction history. The state did not specifically mention the misdemeanor conviction in final argument. As to the movant's contention based on *Loper,* the court has now the same opinion as it did at the time of announcing its findings and conclusions on the first 27.26 proceeding . . . on the issue of guilt. . . .

This court concludes that defendant has not sustained his burden of proving that the uncounselled misdemeanor conviction enhanced the punishment.

*Rule 27.26 Tr.,* 54–56.

The Eighth Circuit's opinion in this case does not indicate whether the panel felt that counsel's failure to exercise the customary skills and diligence that a reasonably competent attorney would have performed under similar circumstances. The only available testimony concerning the conviction was a simple admission by defense counsel during the federal habeas hearing that he did not object to its admission. *Tr., No. 76 CV 569–W–4,* 36–37. Counsel did state that he was unaware of the conviction prior to trial and that he felt as a general rule that such matters should be admitted by the defendant rather than elicited from him on cross-examination. *Tr., No. 75 CV 569–W–4,* 32, 37.

Counsel's desire to have a defendant admit his convictions through questioning by a friendly interrogator is certainly plausible, and might justify a finding that counsel was not ineffective on this point. *United States v. McCracken,* 581 F.2d 719 (8th Cir. 1978); *Reynolds v. Mabry,* 574 F.2d 978 (8th Cir. 1978); *Robinson v. United States,* 448 F.2d 1255 (8th Cir. 1970). Counsel's failure to object to the misdemeanor conviction may plausibly be explained by a desire not to focus the jury's attention on the conviction through the objection. *Lakeside v. Oregon,* 435 U.S. 333, 345–48, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978) (Stevens, J., dissenting). Nevertheless, the Court will assume that counsel should have objected to the admission of the 1958 conviction, and that failure to object was a violation of counsel's duty to his client.

Even if such an assumption is made, petitioner was not prejudiced by admission of the 1958 conviction. The conviction itself, involving an unrelated charge and a short sentence, cannot conceivably be construed as carrying significant weight with the jury on the sentencing issue given the evidence presented in the prosecution's case in chief. The 1958 conviction was mentioned exactly once during the trial, and that reference was not emphasized by the prosecution. The prosecutor's other references to petitioner's criminal record mentioned *only* his two felony convictions. *See, e. g., Tr.,* 217. Further, any prejudicial effect of the misdemeanor conviction was minimized, if not eradicated entirely, by the trial court's instruction that the petitioner's criminal record could only be considered by the jury as it related to his credibility. *Tr.,* 211. The possibility that the 1958 conviction may have influenced the jury's decision on sentencing is simply too remote to be plausible. *Cf. Grant v. White,* 579 F.2d 48 (8th Cir. 1978); *Wren v. United States,* 540 F.2d 643 (4th Cir. 1975); *Dukes v. United States,* 492 F.2d 1187 (9th Cir. 1974). Thus, the mere fact that petitioner answered one question concerning the conviction was not sufficient to violate his rights under *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and counsel's failure to

object to the question concerning the conviction did not result in prejudice to petitioner by imposition of an improperly enhanced sentence. Petitioner is not entitled to relief on this ground.

 Because the record before the Court demonstrates that petitioner's claims are without merit, this petition may be denied without a hearing. *See, e. g., Eaton v. Wyrick* (W.D.Mo.1979); *Boothe v. Wyrick,* 452 F.Supp. 1304 (W.D.Mo.1978); *Randall v. Wyrick,* 441 F.Supp. 312 (W.D. Mo.1977).

For the reasons stated above, it is

ORDERED that this petition for writ of habeas corpus should be and it is hereby denied.