STATE of South Dakota, Plaintiff
and Respondent,

v.

Mark WINCKLER, Defendant
and Appellant.

No. 12496.

Supreme Court of South Dakota.

Argued Sept. 13, 1979.

Decided Dec. 19, 1979.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant appeals from judgment of conviction for aggravated assault as defined by SDCL 22–18–1.1(3). We affirm.

At about midnight on December 29, 1977, Chief of Police Vernon Ebright noticed a crowd of people and a scuffle in front of the D & D Bar on the main street of Lake Andes. After calling Bureau of Indian Affairs Officer Tony Lee, who had come to town to fill his vehicle with gas and had parked nearby, for assistance, he left his police car and began walking with Officer Lee, who was in uniform, toward the gathering. Chief Ebright was struck from behind and knocked unconscious. Officer Lee grabbed Ebright's assailant around the neck. Before he could get the assailant to the nearby BIA police van, however, Lee was also attacked and knocked to the ground by defendant, who then began kicking Lee in the head.

The principal question on appeal is whether Lee was a "law enforcement officer" on duty at the time of the incident within the meaning of SDCL 22–18–1.1(3), which provides: "Any person who . . . knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties . . . is guilty of aggravated assault." SDCL 22–1–2(20) defines a law enforcement officer as "an officer or employee of the state . . . or of the United States . . . who is responsible for the prevention or detection of crimes . . . ."

We need not consider the myriad possibilities that might present close ques-

tions regarding a BIA officer's jurisdiction and status. Whatever Lee's status may have been with respect to his regular on-reservation duties, at the time he responded to Chief Ebright's request for assistance he was a law enforcement officer engaged in the performance of his duty to assist a fellow officer. That defendant might have been prosecuted for aggravated assault under SDCL 22–18–1.1(1), as he now contends, is irrelevant. We conclude that the legislature intended the deterrent effect of SDCL 22–18–1.1(3) to be available to clothe with protection those who by virtue of their status as law enforcement officers have been pressed into service to aid their fellow officers. Neither SDCL 22–1–2(20) nor SDCL 22–18–1.1(3) speaks in terms of an officer's jurisdiction or authority. We are not disposed to read these statutes in a manner that would narrow the scope of protection afforded to those who by their outward identification are engaged in the performance of their duties as law enforcement officers.

We have considered the other issues presented and find them to be without merit.

The judgment of conviction is affirmed.

All the Justices concur.