Gary WHITE, Appellant,

v.

Donald W. WYRICK and The State of Missouri, Appellees.

No. 81–1011.

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1981.

Decided June 17, 1981.

Rehearing and Rehearing En Banc Denied July 27, 1981.

Catherine Kriegshauser Kohn, St. Louis, Mo., for appellant.

Lew. A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before GIBSON, Senior Circuit Judge, ARNOLD, Circuit Judge, and McMANUS,* Chief District Judge.

* Edward J. McManus, Chief District Judge, Northern District of Iowa, sitting by designation.

PER CURIAM.

This is an appeal from the denial below of Gary White's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Affirmed.

On March 14, 1975, White was sentenced to 25 years imprisonment after being convicted by a jury of first degree robbery in state court. His conviction was affirmed on appeal. *State v. White*, 549 S.W.2d 914 (Mo.App.1977).

White then filed two separate petitions for writs of habeas corpus in the Supreme Court of Missouri, which were denied. The Missouri Court advised White to pursue the state's post conviction remedy in Rule 27.26, Missouri Rules of Court. White failed to do so.

Thereafter, on July 25, 1980, he filed the instant § 2254 petition below containing fourteen claims for relief. It was referred to the United States Magistrate who recommended that twelve be dismissed without prejudice for failure to exhaust available state remedies, and that the remaining two be denied on the merits. On December 17, 1980 the district court adopted this recommendation and granted White's motion for certificate of probable cause on December 29, 1980.

It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court. 28 U.S.C. §§ 2254(b) and (c). This requirement is satisfied only when the state courts have been properly presented with an opportunity to rule on the issues raised in the § 2254 petition. *Eaton v. Wyrick*, 528 F.2d 477, 480 (8th Cir. 1975).

Although White pursued a direct appeal of his conviction, and filed two separate state habeas petitions, he has failed to properly present the Missouri courts with an opportunity to rule on twelve of the issues raised here and, therefore, he has failed to exhaust his available state remedies as advised by the Missouri Supreme Court.

His assertion that it would be futile to utilize the state post conviction procedure is without merit. "Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Eaton v. Wyrick*, 528 F.2d at 482. The Missouri courts have never indicated that they would refuse to entertain a Rule 27.26 action, if White should choose to initiate one.

Notwithstanding this, his allegation that the state trial judge participated in a conspiracy to deny him a fair trial deserves some comment. This alleged conspiracy is the subject matter of another case which is, as yet, unresolved. *See White v. Bloom*, 621 F.2d 276 (8th Cir. 1980); *White v. Walsh*, 649 F.2d 560 (8th Cir. 1981). Although the judge was dismissed because of his judicial immunity, White continues to press this cause of action against the remaining alleged conspirator—his court appointed defense attorney.

Even accepting the truth of this allegation, a Rule 27.26 action would still be adequate to protect White's interests since the matter could be assigned to another state judge if actual prejudice or wrongdoing on the part of the trial judge is demonstrated. Missouri Sup.Ct. Rule 2 Canon 3C(1); *see* Missouri Rule of Crim. Proc. 32.07 (effective Jan. 1, 1982); Mo.Ann.Stat. § 508.120 (Vernon 1981 Supp.) (civil proceedings).

White's remaining claims are suggestive identification and denial of the right to call a witness.

His claim of suggestive identification borders on frivolity. Briefly, the record indicates that the victim of the robbery had a clear view of the robbers, that the area was well lit, that the victim accurately described the robbers to the police before identifying them shortly after their arrest, and that the identification was made within ten minutes of the robbery. These facts clearly satisfy the standards for reliability articulated by the Supreme Court. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

The claim that the state trial court denied him the right to call a witness is equally without merit. White had indicated to the court, before the close of his case-in-chief, that he desired to call no witnesses. Only after the jury had been instructed did he request the court to allow him to re-open his case-in-chief by calling his accomplice to the crime (Amos Ingraham) to testify. The record does not indicate that Ingraham was available, or that he was willing to testify. Nor did White make an offer of proof indicating the substance of Ingraham's testimony. For these reasons, we agree with the district court that this did not constitute an abuse of discretion on the part of the trial court.

White's final point is that his twelve unexhausted claims should be construed as a civil rights action pursuant to 42 U.S.C. § 1983.

This claim was not presented to the district court and is here only on a supplemental brief. We consider the claim to be meritless. The document filed in the district court is clearly designated as a petition for writ of habeas corpus and names as respondents only Donald Wyrick (the warden) and the State of Missouri. The only relief he seeks from these respondents is an immediate release from confinement. All of his claims for relief challenge the fact, rather than the conditions of his confinement.

Further, though White also requested money damages from the state trial judge, the prosecutor, the court reporter and his defense attorney, they were not named as respondents and he already had a pending § 1983 action against them, *White v. Bloom*, *supra*.

Thus, it was reasonable for the district court to construe these claims as arising under § 2254 rather than under § 1983. *See, Preiser v. Rodriguez*, 411 U.S. 475,

489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973).

Affirmed.