Mark WINKLER, Petitioner,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary; and Mark Meierhenry, South Dakota Attorney General, Respondents.

No. CIV80–4006.

United States District Court,
D. South Dakota, S. D.

Sept. 17, 1981.

**118**

A. Thomas Pokela, of Cadwell, Brende & Sanford, of Sioux Falls, S. D., for petitioner;

Miles F. Schumacher, Asst. Atty. Gen., of Pierre, S. D., for respondents.

### MEMORANDUM DECISION AND ORDER

NICHOL, Senior District Judge.

Petitioner, Mark Winkler, seeks a Writ of Habeas Corpus, alleging that his confinement under the custody of Herman Solem, Warden of the South Dakota Penitentiary, is based upon a conviction in state court for aggravated assault as defined by S.D.C.L. 22–18–1.1(3) that was the result of proceedings that deprived him of constitutionally protected rights. Specifically, the petitioner alleges that the state proceedings were constitutionally invalid for the following reasons:

I. The State did not move to have the names of witnesses endorsed upon the information as required by state statute and therefore the names were not endorsed upon the information.

II. Petitioner's trial counsel rendered ineffective assistance due to the attorney's failure to request a delay of the trial to allow the defendant to obtain additional witnesses and failure of the State to reveal some of its witnesses until the day of trial.

### FACTS AND PROCEDURAL HISTORY

The factual history of this case is stated succinctly in *State of South Dakota v. Winckler*, 286 N.W.2d 313 (S.D.1979). The South Dakota Supreme Court described the factual background as follows:

At about midnight on December 29, 1977, Chief of Police Vernon Ebright noticed a crowd of people and a scuffle in front of the D & D Bar on the main street of Lake Andes. After calling Bureau of Indian Affairs Officer Tony Lee, who had come to town to fill his vehicle with gas and had parked nearby, for assistance, he left his police car and began walking with Officer Lee, who was in uniform, toward the gathering. Chief Ebright was struck from behind and knocked unconscious. Officer Lee grabbed Ebright's assailant around the neck. Before he could get the assailant to the nearby BIA van, however, Lee was also attacked and knocked to the ground by defendant, who then began kicking Lee in the head.

*Id.*

The alleged procedural defect upon which this application is based is the failure of the trial court to grant defendant's motion to suppress the testimony of certain witnesses whose names were not endorsed upon the information. Such endorsement was, at that time, required by statute in South Dakota. S.D.C.L. section 23–20–4.

When asked by the Court if there was any explanation for the failure to make such endorsement the Deputy States Attorney replied that "the State entered into a stipulation and agreement with defense counsel ... that whatever further witnesses we would deem necessary at the time of trial could be added to the information at such time as we determine which witnesses they were." (T.3) Upon further questioning by the Court it was determined that defense counsel was advised of the additional res gestae witnesses the day before the trial and that defense counsel had inter-

viewed three of the four additional witnesses before trial. (T.3) The Court then indicated that the jury would be selected and following the selection process court would be in recess until such time as defense counsel had an opportunity to interview the witnesses. *Id.* Following that exchange between the Court and counsel for both parties there was no request by defense counsel for any postponement or continuance relative to the matter of the witnesses whose names were not endorsed upon the information.

At trial in Circuit Court petitioner was convicted of aggravated assault on March 31, 1978, and sentenced to five years in prison by presiding judge Donald E. Erickson. Petitioner perfected a timely appeal to the South Dakota Supreme Court in May of 1978. His conviction was affirmed by the Supreme Court in an opinion decided December 19, 1979. The file indicates that no other petitions for post conviction relief were filed in state court concerning this case.

The present petition for a Writ of Habeas Corpus was filed in this court on January 8, 1980, as was an order appointing counsel. A hearing was held on January 18, 1980, and briefs were subsequently submitted by both petitioner and respondents. All of the files and exhibits, as well as the briefs, have been carefully considered and the various claims of the petitioner and defenses asserted by the respondents have been dealt with in the following manner.

## EXHAUSTION OF STATE JUDICIAL REMEDIES

The respondents argue that the petitioner has failed to exhaust his state court remedies before filing the present petition and that therefore this Court should deny the petitioner's application. The respondents assert that because the ineffective assistance of counsel argument was presented only as an argument in support of the issue of non-endorsement of the witnesses upon the information when the matter was presented to the Supreme Court, this

Court's decision in *Zemina v. Solem*, 438 F.Supp. 455 (D.S.D.1977), mandates return of the action to the state court.

Of course, "it is elementary that a section 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court. This requirement is satisfied only when the state courts have been properly presented with an opportunity to rule on the issues raised in the section 2254 petition." *White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981), *citing Eaton v. Wyrick*, 528 F.2d 477, 480 (8th Cir. 1975). "In order to determine whether a claim has been presented to the state courts, a federal court is not to assume that any claim not mentioned in the opinion of the state court was not presented ... it is necessary to examine the petitioner's brief in the state court." *Morrow v. Wyrick*, 646 F.2d 1229, 1232 (8th Cir. 1981), (citations omitted). Although in this case the question of effective assistance of counsel was not presented in bold face type to the South Dakota Supreme Court, a review of petitioner's appellate brief reveals that the question was adequately presented and that the state court did have an opportunity to rule on the issue.

 Even if the state court did not have the opportunity to rule on the effectiveness of counsel question, petitioner's application is properly before this court. The exhaustion requirement is only a rule of comity, and special circumstances may make it appropriate to dispose of certain claims upon their merits. *Lindner v. Wyrick*, 644 F.2d 724, 747 n.5 (8th Cir. 1981). One of the special circumstances to consider is that of judicial economy. *Green v. Wyrick*, 428 F.Supp. 744, 746 (W.D.Mo.1977). Also, "a petitioner is not required to file repetitious or futile applications in state courts." *Rodgers v. Wyrick*, 621 F.2d 921, 924 (8th Cir. 1980). In this case, the statement by the South Dakota Supreme Court that "We have considered the other issues presented and find them to be without merit,"[1] is a clear manifestation that the state

1. *State v. Winckler*, 286 N.W.2d 313, 314 (S.D. 1979).

court will not entertain any further constitutional claims on behalf of this petitioner and that applying the exhaustion requirement would be futile.

## ENDORSEMENT OF WITNESSES NAMES UPON THE INFORMATION

The state statute upon which petitioner's claim rests, S.D.C.L. section 23–20–4, provides that "All informations in the circuit court shall be filed during a regular or special term, by the state's attorney of the proper county or other person duly authorized to perform such duty, as informant; he shall subscribe his name thereto and endorse thereon the names of the witnesses known to him at the time of filing the same."[2] While the statute seems mandatory, South Dakota Supreme Court decisions indicate that absolute compliance with the terms of the statute was not always required. For example, an early interpretation of the statute held that the endorsement of the names of witnesses upon an information is a matter largely within the discretion of the trial court, and, in the absence of some showing of abuse, or some bad faith on the part of the state's attorney in purposely withholding the names of such witnesses until such time, resulting in substantial prejudice to the accused, the order of the court, permitting the endorsement of such names, will not constitute grounds for reversal. *State v. Fulwider*, 28 S.D. 622, 134 N.W. 807 (1912).

In *State v. Titus*, 64 S.D. 280, 266 N.W. 260 (1936), the defendant was charged by information with larceny. Witnesses whose names were not endorsed on the information were permitted to testify for the state. In *Titus*, as well as in the case before the Court, defense counsel was given notice before trial by the state's attorney that the state would call these witnesses, and de-

fendant made no showing of surprise and did not ask for a postponement. In *Titus* the Supreme Court noted that "under the settled rule in this jurisdiction, it was not error for the trial court to permit such witnesses to testify." 266 N.W. 260. (citations omitted).

Although state's attorneys should comply with all provisions of the South Dakota Code that define the duties of that particular office, this Court cannot say, given the constant interpretation of the particular statute under consideration,[3] that failure to endorse the names of all witnesses upon the information rises to the level of a constitutional violation sufficient to warrant the relief prayed for by petitioner. This is particularly true in light of the decision of the South Dakota legislature to abolish the endorsement requirement in 1978.[4]

## EFFECTIVE ASSISTANCE OF COUNSEL

The petitioner asserts that the failure of his trial counsel to request a delay of the trial to allow the defendant to obtain additional witnesses amounted to a denial of effective assistance of counsel. The record of the trial court reveals that defense counsel had interviewed three of the four witnesses whose names were not endorsed upon the information. (T.3) When the trial court was apprised of this fact, the court permitted a recess until defense counsel had the opportunity to interview the fourth witness. *Id.*

To succeed on a claim of ineffective assistance of counsel, a petitioner must first show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Petitioner then must show that he was materi-

---

2. S.D.C.L. section 23–20–4 was repealed by 1978 S.D. Sess. Laws ch. 178, section 577, effective July 1, 1979.

3. *See, e. g., State v. Boardman*, 264 N.W.2d 503, 508 (S.D.1978); *State v. Keeling*, 89 S.D. 436, 233 N.W.2d 586, 589 (1975); *State v. Ro-*

*ber*, 86 S.D. 442, 197 N.W.2d 707, 709 (1972); *State v. Johnson*, 70 S.D. 66, 14 N.W.2d 420, 422 (1944); *State v. Titus, supra; State v. Roby*, 49 S.D. 187, 206 N.W. 925 (1926).

4. *See* note 2, *supra*.

ally prejudiced in the defense of his case by the action or inaction of his attorney. *Agee v. Wyrick*, 480 F.Supp. 24, 27 (W.D.Mo. 1979), *aff'd*, 610 F.2d 498 (8th Cir. 1979). After a review of the pleadings and exhibits on file in this case and the state court records, this Court concludes that petitioner's trial attorney did provide effective assistance of counsel. Although not apprised by endorsement of all witnesses that the state planned to call, petitioner's trial counsel had nonetheless discovered the names of the witnesses and had interviewed all but one by the time of trial. The only witness petitioner's trial counsel had not interviewed was one that would not permit such interview. The trial judge, however, granted a recess after selection of the jury, but prior to the introduction of any evidence, to allow defense counsel to interview the witness.

Even if this Court were to find that the performance of petitioner's trial counsel did not meet the standard of a reasonably competent attorney, which this Court specifically declines to find, petitioner would still not be entitled to the relief sought. In addition to a showing that his attorney failed to exercise the skills and competence that a reasonably competent attorney would display in similar circumstances, petitioner must also show that he was materially prejudiced. *Agee v. Wyrick, supra. See, e. g., Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978); *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978); *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977). In the present case petitioner has not shown any material prejudice.

For the reasons stated above, it is

ORDERED that this petition for Writ of Habeas Corpus be denied.