**Mark WINCKLER, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary; and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.**

No. 81–2428.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Sept. 22, 1982.

Charles D. Gullickson, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for appellant Mark Winckler.

Mark V. Meierhenry, Atty. Gen., Grant E. Gormley, Asst. Atty. Gen., Pierre, S. D., for appellees.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Mark Winckler was convicted of assaulting a law enforcement officer in violation of S. D. Codified Laws Ann. § 22–18–1.1(3). He appealed his conviction to the South Dakota Supreme Court, and it was affirmed. *State v. Winckler,* 286 N.W.2d 313

(S.D.1979). He then filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging errors that were raised in his state appeal. The district court[1] denied relief, and Winckler timely filed this appeal. We affirm.

The only issue before us is whether the state denied Winckler due process of law by failing to endorse the names of all witnesses upon the information. Such endorsements were required by S. D. Codified Laws Ann. § 23–20–4,[2] which provided:

All informations in the circuit court shall be filed during a regular or special term, by the state's attorney of the proper county or other person duly authorized to perform such duty, as informant; he shall subscribe his name thereto and endorse thereon the names of all witnesses known to him at the time of filing the same.

Winckler was arraigned and the information was filed on March 1, 1978. His state trial commenced on March 28, 1978. At the time of trial, the state had endorsed the name of one witness, Tony Lee, upon the information. The defense counsel was not advised of the names of four additional witnesses until the day before trial. On the day of trial, Winckler's attorney moved the court not to permit the state's attorney to call those witnesses whose names were not endorsed. Upon inquiry from the court, the state's attorney explained that the state did not endorse the names of the other witnesses because it had stipulated with defense counsel at the arraignment that the state could add to the information the names of additional witnesses when it decided they were necessary. The state further stated that it had informed Winckler's counsel of the additional witnesses as soon as it decided to call them. Counsel for Winckler, however, contended that the parties had stipulated that the state would provide him with a list of its witnesses within seven days of the arraignment, and that this agreement was not complied with. The state's attorney responded that he was not informed of any seven-day provision in the stipulation by the deputy state's attorney who was present when the agreement was reached. Upon further inquiry by the court, it was determined that defense counsel had interviewed three of the four additional witnesses. The court then denied Winckler's motion, but stated that there would be a recess following jury selection until the defense counsel had an opportunity to fully interview the unendorsed witnesses. The defense counsel did not move for a continuance or postponement.

Winckler concedes that the federal Constitution does not require South Dakota to have a statute such as S. D. Codified Laws Ann. § 23–20–4. He contends, however, that once South Dakota enacted the statute, the local prosecutors and state courts were required to observe it, and that their failure to do so deprived him of due process of law. We do not agree.

The South Dakota Supreme Court has indicated that although the statute is phrased in mandatory language, it does not require absolute compliance with its terms. *Winckler v. Solem,* 525 F.Supp. 117 (S.D. 1981). The court specifically has held that failure to endorse all witnesses will not constitute grounds for reversal unless the defendant shows abuse or bad faith by the state's attorney in purposely withholding witnesses' names. *E.g., State v. Coe,* 286 N.W.2d 340, 342–343 (S.D.1979); *State v. Brown,* 285 N.W.2d 848, 851 (S.D.1979); *State v. Provost,* 266 N.W.2d 96, 100 (S.D.

---

1. The Honorable Fred J. Nichol, United States District Judge, United States District Court, District of South Dakota.

2. S. D. Codified Laws Ann. § 23–20–4 was repealed effective July 1, 1979, and replaced by S. D. Codified Laws Ann. § 23A–6–10, which provides:

The prosecuting attorney shall endorse upon each information the names of the witnesses known to him at the time of its filing. Any further endorsement of names upon the information shall be done only with permission of the court. This section shall not preclude calling any witnesses whose names or the materiality of whose testimony is first learned by the prosecuting attorney during the trial. This section does not require the endorsement of names of witnesses which are to be used only in rebuttal.

1978). It has further ruled that failure to endorse witnesses will not constitute reversible error when the defendant does not move for a continuance or postponement. *State v. Jahnz,* 261 N.W.2d 426, 428 (S.D. 1978); *State v. Hoover,* 89 S.D. 608, 236 N.W.2d 635, 637–638 (1975). Here, no bad faith has been shown, and Winckler failed to move for a continuance or a postponement. Thus, the state law was not violated.

 Beyond the state law questions, we are unable to find a lack of fundamental fairness or of due process as a result of the state's action. The defense counsel stipulated to the late endorsement of witnesses. Moreover, the defense counsel had, in fact, interviewed three of the four additional witnesses before trial. Finally, the trial court ordered a recess to allow Winckler's attorney to further interview the unendorsed witnesses prior to trial. In short, Winckler has not shown that he was prejudiced in any way by the actions of the state's attorney or the trial court.

For the foregoing reasons, the judgment of the district court is affirmed.